UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TRACEY ALLEN,                                          Case No. 21
CV

Plaintiff,                                            Hon.

_____

v.

OFFICER ZACHARY MELVIN, and

CITY OF DETROIT,

Defendants.

_____/

/s/ Maurice Davis
Maurice Davis (P76203)
maurice@michiganinjurylawyer.com
Davis Law Group
1300 Broadway St., Suite 220
Detroit, MI 48226
(313) 462-4755
Attorney for Plaintiff


There is no other pending or resolved civil action arising out of the transaction

or occurrence alleged in the complaint.

Plaintiff Tracey Allen, by and through her attorney, Maurice Davis, for her

Complaint against Defendants Officer Zachary Melvin and the City of Detroit,

states as follows:


**INTRODUCTION**

1. This is a civil rights action arising from the unconstitutional use of deadly force by Defendant Officer Zachary Melvin, a Detroit Police Department officer, who shot Plaintiff Tracey Allen six (6) times during a traffic stop on October 26, 2025, in Detroit, Michigan.

2. Plaintiff brings this action pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, seeking redress for violations of her constitutional rights, as well as damages for severe and permanent injuries.

3. This action also seeks to hold Defendant City of Detroit liable under Monell v. Department of Social Services, for maintaining unconstitutional policies, customs, and practices regarding traffic stops, escalation, use of deadly force, supervision, discipline, and accountability of Detroit police officers.

## PARTIES

4. Plaintiff Tracey Allen is a resident of Detroit, Wayne County, Michigan.

5. Defendant Officer Zachary Melvin was at all relevant times a sworn police officer employed by the Detroit Police Department, acting under color of state law and within the scope of his employment.

6. Defendant City of Detroit is a municipal corporation organized under the laws of the State of Michigan and operates the Detroit Police Department.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in the Eastern District of Michigan because the events giving rise to this action occurred in Detroit, Wayne County, Michigan.

## <u>FACTUAL ALLEGATIONS</u>

9. On or about October 26, 2025, Plaintiff was lawfully operating her vehicle near Eight Mile Road in the City of Detroit.

10. Plaintiff was stopped by Defendant Melvin for alleged minor traffic infractions, including window tint and an obscured license plate.

11. Plaintiff complied with the stop, provided her driver's license and registration, and did not threaten the officer.

12. Plaintiff repeatedly expressed fear for her safety and requested the presence of a supervisor.

13. Plaintiff placed a 911 call during the traffic stop because she believed her life was in danger.

14. Defendant Melvin attempted to forcibly remove Plaintiff from her vehicle without legal justification and deployed pepper spray.

15. Fearing imminent harm, Plaintiff drove away at low speed in an attempt to escape what she reasonably believed to be an unlawful and dangerous escalation.

16. Officers pursued Plaintiff and unlawfully boxed her vehicle in.

17. Plaintiff did not possess a weapon, did not threaten officers, and posed no immediate threat to the public.

18. Despite the absence of any immediate threat, Defendant Melvin discharged his firearm, striking Plaintiff six (6) times, including shots to her arms and leg.

19. Plaintiff sustained catastrophic injuries and will require lifelong medical treatment, rehabilitation, and care.

20. Detroit Police Chief Todd Bettison publicly acknowledged that Defendant Melvin's conduct violated multiple Detroit Police Department policies governing use of force and escalation.

21. Defendant Melvin's use of deadly force was objectively unreasonable under clearly established law.

## COUNT I

## UNREASONABLE SEIZURE AND EXCESSIVE FORCE (42 U.S.C. § 1983 – FOURTH AMENDMENT)

DEFENDANT MELVIN

22. Plaintiff incorporates paragraphs 1–21 as if fully stated herein.

23. Defendant Melvin seized Plaintiff within the meaning of the Fourth Amendment when he intentionally discharged his firearm at her.

24. Defendant Melvin's use of deadly force was objectively unreasonable and unconstitutional.

25. At the time of the shooting, Plaintiff posed no immediate threat to Defendant Melvin or others.

26. Defendant Melvin knew or should have known that his actions violated clearly established constitutional rights.

27. Defendant Melvin is not entitled to qualified immunity.

28. COUNT II

## EQUAL PROTECTION – RACIALLY DISPARATE POLICING (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT)

DEFENDANT MELVIN

29. Plaintiff incorporates paragraphs 1–27.

30. Plaintiff is an African-American woman.

31. Defendant Melvin's actions were motivated, in part, by race-based assumptions and discriminatory policing practices.

**32.** Defendant Melvin subjected Plaintiff to harsher treatment than similarly situated non-Black motorists.

## COUNT III

## MUNICIPAL LIABILITY – MONELL (42 U.S.C. § 1983)

DEFENDANT CITY OF DETROIT

33. Plaintiff incorporates paragraphs 1–31.

34. Prior to this incident, the City of Detroit maintained a pattern and practice of unconstitutional policing, including:

35. Unconstitutional Pattern of Deadly Force in Detroit Police Stops and Pursuits

36. Public reporting and independent investigation reveal that the Detroit Police Department has engaged in a pattern and practice of using deadly force in routine, nonviolent encounters, including traffic stops and foot or vehicle pursuits that did not involve an imminent threat to officer or public safety.

37. At least 20% of DPD officer-involved shootings over the past decade began with stops for minor or nonviolent traffic infractions, including window tint violations, equipment defects, or curfew/vehicle-related issues, not serious violent crime.

38. Many of these encounters escalated from a routine investigatory stop into violent pursuits, chases, or confrontations that culminated in police using deadly force against individuals who had not engaged in violent conduct and posed no objective basis for lethal force.

39. The Department's practices in these contexts routinely reflect a failure to de-escalate, a tolerance of pursuit tactics without clear justification, and an absence of safeguards before resorting to deadly force, particularly against

motorists who attempted to comply, retreat, or escape perceived threats rather than pose an actual danger.

40. Despite frequent public scrutiny and investigations, DPD officers have continued to employ lethal force in situations that are inconsistent with federal constitutional standards and clearly established Supreme Court law governing use of force during seizures and flight, including Graham v. Connor and Tennessee v. Garner.

41. In the decade preceding Plaintiff's shooting, officers involved in these nonviolent or minor-infraction stops routinely avoided criminal charges for their use of deadly force, even where subsequent evidence raised questions about legality or justification, indicating a systemic absence of accountability or effective deterrence.

42. These patterns are consistent with broader findings that no Detroit police officer has been criminally charged in connection with a police shooting since at least 2011, regardless of the circumstances of the encounter, further substantiating a practice of immunity from accountability.

### City's Knowledge, Ratification, and Deliberate Indifference

43. The City of Detroit and its policymakers had actual and constructive notice of these patterns through public reporting, media investigations, civil lawsuits, internal DPD data, and community complaints.

44. Despite such notice including high-profile coverage by the Detroit Free Press and other outlets describing deadly force in stops for nonviolent traffic infractions the City failed to implement meaningful reforms, revise training, enforce use-of-force policies effectively, modify pursuit protocols, or discipline officers who violated constitutional standards.

45. The City's continued tolerance of these practices evidences a deliberate indifference to the constitutional rights of civilians, including Black and Brown drivers who disproportionately experience aggressive policing and deadly force in routine encounters.

46. The City's failure to supervise, discipline, train, or re-train officers regarding de-escalation, pursuit, and appropriate use of force was a moving force behind the constitutional violations suffered by Plaintiff and others similarly situated.

47. The City's failure to train, supervise, and discipline officers amounted to deliberate indifference.

48. These policies and customs were the moving force behind the constitutional violations suffered by Plaintiff.

## COUNT IV
## GROSS NEGLIGENCE

DEFENDANT MELVIN

49. Defendant Melvin's conduct demonstrated a substantial lack of concern for whether injury would result.

50. His actions were the proximate cause of Plaintiff's injuries.

## COUNT V

## ASSAULT AND BATTERY

DEFENDANT MELVIN

51. Defendant Melvin intentionally made harmful and offensive contact with Plaintiff by shooting her.

52. Plaintiff did not consent to the use of force.

53. DAMAGES

54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

55. Permanent physical injury

56. Pain and suffering

57. Emotional distress and PTSD

58. Medical expenses (past and future)

59. Loss of income and earning capacity

PRAYER FOR RELIEF

60. WHEREFORE, Plaintiff Tracey Allen respectfully requests that this Court:

A. Enter judgment against Defendants jointly and severally;

B. Award compensatory damages in excess of $25,000,000.00;

C. Award punitive damages against Defendant Melvin;

D. Award attorney fees and costs pursuant to 42 U.S.C. § 1988;

E. Grant such other relief as this Court deems just and equitable.

JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,


/s/ Maurice Davis
Maurice Davis (P76203)
maurice@michiganinjurylawyer.com
Davis Law Group
1300 Broadway St., Suite 220
Detroit, MI 48226
(313) 462-4755
Attorney for Plaintiff